```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

**PETROHAWK ENERGY CORPORATION, ET AL.**                **CIVIL ACTION**

**VERSUS**                                              **NO. 07-1437**

**RACELAND RAW SUGAR CORPORATION**                      **SEC. "B"(3)**

### ORDER AND REASONS

Before the Court is Defendant Raceland Raw Sugar Corporation's ("Raceland") Amended Motion To Dismiss. (Rec. Doc. No. 7). Raceland moves the Court to Dismiss Plaintiffs' amended complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

**IT IS ORDERED** that Defendant's Amended Motion To Dismiss is **DENIED.**

*Background*

Plaintiffs Petrohawk Energy Corporation, Petrohawk Operating Company, and Petrohawk Properties, LP (collectively "Petrohawk") filed the instant lawsuit against Defendant Raceland seeking declaratory judgment regarding alleged rights under surface and mineral agreements. Plaintiffs asserted federal jurisdiction under 28 U.S.C. § 1332 based on Plaintiffs' belief that complete

diversity between proper parties exists and the matter in controversy exceeds the sum or value of $75,000.00.[1]

Defendant contends Plaintiffs' complaint does not support the allegation that the amount in controversy exceeds $75,000.00. Therefore, Defendant moves the Court to dismiss Plaintiffs' action for lack of subject matter jurisdiction.

Plaintiff contends the value of the right in which Plaintiffs seek to protect exceeds $75,000.00. Therefore, the requisite amount in controversy is met and subject matter jurisdiction exists.

## *Discussion*

**A.   Diversity Of Citizenship**

"The district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between citizens of different states . . ." 28 U.S.C. § 1332. "In an action for declaratory relief, the amount in controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'" *Hartford Ins. Group v. Lou-Con, Inc.*, 293 F.3d 908, 909 (5th Cir. 2002)(quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983).

Here, Plaintiffs allege Raceland threatened to evict Petrohawk and effectually deny Petrohawk from the exercise of its legal right

---

[1] *Amended Complaint*, ¶ 3.

to utilize subject lands to conduct oil and gas production operations.[2]  Plaintiff further alleges that Raceland made claims for damages against Petrohawk relating to surface usage of subject lands.[3]  Plaintiffs seek declaratory judgment to protect surface and mineral rights.  It is facially apparent from Plaintiffs' Complaint that the value of the right to be protected is in excess of $75,000.00.  Moreover, Plaintiffs submitted an affidavit from the Senior Landman of Petrohawk, Carol Cooley, attesting to the fact that Raceland made claims for alleged damages against Petrohawk in excess of $75,000.00.[4]

Accordingly,

**IT IS ORDERED** that Defendant's Amended Motion To Dismiss is **DENIED.**

New Orleans, Louisiana, this 24th day of May, 2007.

_____
UNITED STATES DISTRICT JUDGE

---

[2] *Amended Complaint*, ¶¶ 22 and 23.

[3] *Amended Complaint*, ¶ 23.

[4] *Affidavit of Carol Cooley*, ¶ 8.